Kenneth H. Coleman
Law Offices of Kenneth H. Coleman, P.S.
421 West Riverside Avenue
Suite 654
Spokane, WA 99201-0405
(509) 838-2425
Fax: (509) 838-1792

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

THOMAS R. FREEBURG and SANDRA FREEBURG, husband and wife,

Plaintiffs,

vs.

NORTHWEST ORTHOPAEDIC SPECIALISTS, P.S.; JONATHAN P. KEEVE, M.D.; DOUGLAS G. NORQUIST, M.D.; TRACY A. BERG, M.D. (f/k/a TRACY A. MAGNUSON);

Defendants.

No. CV-09-00093-EFS

PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE FOR FAILURE TO TIMELY IDENTIFY EXPERT WITNESSES

I. ISSUE

Whether a 21-day delay by Plaintiffs' counsel for expert witness reports justifies dismissal of the action under FED. R. CIV. P.37.

PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE FOR FAILURE TO TIMELY IDENTIFY WITNESSES- 1

LAW OFFICES OF KENNETH H. COLEMAN, P.S.
421 WEST RIVERSIDE AVENUE, SUITE 654
SPOKANE, WASHINGTON 99201
(509) 838-2425
(509) 838-1792FAX

## II. LAW AND APPLICATION

A. The Scheduling Order required Plaintiffs' expert identification and reports by June 1, 2010. Plaintiffs' full compliance with this Scheduling Order and with FED. R. CIV. P. 26(a)(2) occurred 21 days later. Affidavit of Kenneth H. Coleman in Opposition to Defendants' Motion to Strike for Failure to Timely Identify Expert Witnesses, paragraph 7.

B. As to the application of FED. R. CIV. P. 37(c)(1), the 9th Circuit has stated: "Two express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless." Yeti by Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Outlined below are the reasons why the 21-day delay was substantially justified and also harmless to Defendants.

<u>Substantially Justified</u>. Plaintiffs encountered extenuating circumstances due to both the unavailability of angiography on CD for Plaintiffs' experts and the illness of Plaintiffs' counsel. Affidavit of Kenneth H. Coleman in Opposition to Defendants' Motion to Strike for Failure to Timely Identify Expert Witnesses at paragraphs 3 & 4. Original CDs from the health care institution did not contain the angiogram, which when discovered then necessitated two emergency requests for the angiogram. Therefore, the angiogram was not able to be provided to Plaintiffs' experts until June 9, 2010, which delayed completion of the written reports by Plaintiffs' experts. Id. at paragraph 5.

On June 7, 2010, six days after the disclosure deadline, Plaintiffs did serve on Defendants nearly complete information on each of Plaintiffs' expert witnesses

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE FOR FAILURE TO
TIMELY IDENTIFY WITNESSES- 2

LAW OFFICES OF KENNETH H. COLEMAN, P.S.
421 WEST RIVERSIDE AVENUE, SUITE 654
SPOKANE, WASHINGTON 99201
(509) 838-2425
(509) 838-1792 FAX

1  including the following: (1) Basis, reasons, data considered, qualifications, and publications; (2) Expected opinions; (3) Reference to exhibits; (4) Compensation; (5) Available dates for deposition. Fifteen days later, on June 22, 2010, the written reports with complete disclosures were served on Defendants. Id. at paragraphs 6 & 7.

Plaintiffs have two expert witnesses. Dr. Taylor's deposition took place on June 28, 2010, and Dr. Treiman offered dates in June and throughout July for his deposition. Id. at paragraph 8.

Trial was originally set for February 21, 2011. Then, on Defendants' Amended Notice of Trial Conflict (Ct. Rec. 18) an Amended Scheduling Order (Ct. Rec. 21) was issued which postponed trial for approximately two months to April 18, 2011. However, the disclosure deadline for Expert Identification and Reports was not changed.

As a result of the adjusted trial date, trial is over nine months away. Further, Defendants now have more time (300 days) between the date Plaintiffs' disclosure occurred (June 22) and the new trial date than existed in the initial Scheduling Order between the ordered disclosure date (June 1) and the original trial date (265 days). Therefore, the 21-day delay of Plaintiffs' complete expert witness disclosure is not prejudicial to Defendants.

## III. CONCLUSIONS

A. This case should not be dismissed because full compliance with the Scheduling Order for expert reports was served on Defendants 21 days following the ordered deadline and over nine months before trial.

B. There were extenuating circumstances contributing to the 21-day delay.

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE FOR FAILURE TO
TIMELY IDENTIFY WITNESSES- 3

C. Defendants have not been prejudiced.

DATED this 29th day of June, 2010.

LAW OFFICES OF KENNETH H. COLEMAN, P.S.


By: s/ Kenneth H. Coleman
KENNETH H. COLEMAN
WSBA No. 22526
Attorney for Plaintiffs

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE FOR FAILURE TO
TIMELY IDENTIFY WITNESSES- 4

LAW OFFICES OF KENNETH H. COLEMAN, P.S.
421 WEST RIVERSIDE AVENUE, SUITE 654
SPOKANE, WASHINGTON 99201
(509) 838-2425
(509) 838-1792 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

James B. King
Evans, Craven & Lackie
818 West Riverside, Suite 250
Spokane, WA 99201
jking@ecl-law.com

Elizabeth A. Leedom
Bennett Bigelow & Leedom, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
eleedom@bbllaw.com

                                                     s/Kenneth H. Coleman
                                                   KENNETH H. COLEMAN

PLAINTIFFS' RESPONSE TO DEFENDANTS'
MOTION TO STRIKE FOR FAILURE TO
TIMELY IDENTIFY WITNESSES- 5